NICHOLAS A. TRUTANICH
United States Attorney
CHRISTOPHER BURTON
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336

## UNITED STATES DISTRICT COURT
### District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>RICHARD FRED DITTMER, III  )<br>Defendant  ) | Case No. 2:18-CR-00302-JAD-NJK-002<br><br>PETITION FOR ACTION<br>ON CONDITIONS OF<br><u>PRETRIAL RELEASE</u> |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Zack Bowen</u>, Senior U.S. Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

Dated this 11th day of April, 2019.

NICHOLAS A. TRUTANICH
United States Attorney

By ___/S/_____.
CHRISTOPHER BURTON
Assistant U. S. Attorney

13. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.
14. The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable.
15. The defendant shall pay all or part of the cost of the substance abuse treatment program or evaluation based upon his ability to pay as determined by Pretrial Services.
16. The defendant shall undergo medical or psychiatric treatment.
17. The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.
18. The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
19. The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs.

    **Home Detention:** The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities preapproved by Pretrial Services or the supervising officer.

    The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.

    **Global Positioning Satellite (GPS) monitoring.**

20. The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
21. The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
22. The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.
23. The defendant shall refrain from possession of pornography or erotica in any form or medium.
24. The defendant is not to be released from custody until Monday morning, October 15, 2018.
25. WiFi is to be removed from the residence, or the WiFi is password protected and the defendant has no access to it.

26. The defendant shall not be employed in any capacity that is not deemed stationary or will cause limitations or issues with GPS monitoring as determined by the Pretrial Services Officer.
27. The defendant shall not be employed in any capacity or setting involving the use of the internet or internet accessible devices without notifying the employer of the alleged instant offense, restrictions regarding access to internet accessible devices, no contact with minor children, and allowing Pretrial Services to verify.
28. The defendant shall withdraw his application for firearms.

**Respectfully presenting petition for action of Court and for cause as follows:**

On April 10, 2019, the defendant was arrested on a superseding indictment for Attempt Sexual Exploitation of a Child, Receipt of Child Pornography, and Distribution of Child Pornography. According to the superseding indictment, these alleged charges took place during February 2019 while the defendant was on pretrial release. According to the arresting agent, the conduct involved in these additional charges contained within the superseding indictment involve more concerning acts involving a 13-year-old child as well as similar acts as alleged in the instant offense as well as violations of his pretrial release to include; contact with a minor child, use of an internet accessible device, use of the internet, and possession of child pornography.

**PRAYING THAT THE COURT WILL ORDER A HEARING BE HELD AS SOON AS POSSIBLE TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED BASED UPON THE INFORMATION OUTLINED ABOVE.**

ORDER OF COURT

Considered and ordered this 11th day of April, 2019 and ordered filed and made a part of the records in the above case.

_____
Honorable George W. Foley, Jr.
U.S. Magistrate Judge

I declare under penalty of perjury that the information herein is true and correct. Executed on this 11th day of April, 2019.

Respectfully Submitted,

_____
Zack Bowen
Senior U.S. Pretrial Services Officer
Place: Las Vegas, Nevada